The plaintiff in this case challenges his removal from his position as a veterinarian with the Meat and Poultry Inspection Service of the United States Department of Agriculture for accepting free meals and drinks from a meat packing plant at which he worked as a relief meat inspector. Both parties moved for summary judgment, and we heard oral argument. We sustain plaintiffs discharge.
I.
In 1978, the plaintiff received a written notice proposing to remove him from his position for "acceptance of things of value from persons with whom you have an official relationship,” in violation of the "Employee Responsibility and Conduct” appendix to the Employee Handbook of the Department of Agriculture (36 Fed. Reg. 414 (1971) (current version at 7 C.F.R. § 0.735-12 (1980))). More specifically, the notice alleged that during three different 5-day periods in 1975, he accepted free meals on an average of two or three times a week and one or two drinks of liquor each such day from a specified meat packing plant at which he performed inspection duties.[1]
Plaintiff submitted both a written and an oral response to an oral conference officer, Dr. Elliott. The plaintiff admitted accepting the meals and drinks in 1975, but attempted *609 to justify his conduct as a means for improving the relationship between the plant management and the federal inspectors. The oral reply officer concluded that the plaintiff had accepted the meals and drinks as charged. The oral reply officer interpreted the Department of Agriculture’s "Penalty Guide” for supervisors as requiring discharge as the penalty for improper acceptance of gratuities by employees. He recommended, however, that "[i]f it is possible to take action other than provided in the Penalty Guide,” the plaintiff should be retained in the service but suspended without pay for at least two pay periods.
The personnel officer, Mr. Zimmer, removed the plaintiff from his position. In taking that action, Mr. Zimmer stated that he had given "[c]areful consideration” to all of the material in the case, including the report of the oral conference officer. Plaintiff appealed his removal to the Merit Systems Protection Board which, after conducting a hearing, sustained the removal. The Board held that the Department of Agriculture had complied fully with the applicable procedural requirements governing removal, that the record supported the Department’s finding that the plaintiff had accepted the meals and drinks in 1975, and that "[i]n view of the nature of appellant’s position” and the conduct in which he engaged, "the penalty was not unduly severe under the circumstances of this case.” The Board concluded that "the action taken was for such cause as will promote the efficiency of the service.”
II.
The plaintiff challenges his removal on interrelated grounds. He contends that the penalty of removal was improper because (A) it was based on the erroneous assumption that under the guidelines removal was mandatory rather than discretionary and that as a discretionary matter removal was too harsh a penalty in light of the conduct and the plaintiffs motive for such conduct, and (B) the Department failed to find that plaintiffs removal would promote the efficiency of the service — a finding that the plaintiff asserts that the Government Organization and Employees Act of 1966, Pub. L. No. 89-554, § 7501(a), 80 *610 Stat. 527 (1966) (current version at 5 U.S.C. 7513(a) (Supp. II 1978)) requires the employing agency to make — and that the record does not sustain the findings to that effect that the Merit Systems Protection Board made.
A. 1. The oral conference officer erroneously assumed that the penalty guidelines required removal for accepting gratuities. The guidelines merely provide recommended or suggested penalties, and the supervisor may follow or depart from those recommendations depending upon the circumstances of the particular case.
The officer who made the decision to remove the plaintiff, however, was not the oral conference officer but the personnel officer, Mr. Zimmer. There is no indication that Mr. Zimmer was under the same misapprehension that under the guidelines removal was required in plaintiffs case. To the contrary, Mr. Zimmer’s explanation of why he was removing the plaintiff indicates that he exercised discretion in taking that action. He stated:
It is my finding that the evidence supports the reason [Acceptance of a Thing of Value From Persons With Whom You Have an Official Relationship], and the Reason is, therefore, sustained. In view of the sustained Reason, it is my finding that the proposed removal is warranted.
Mr. Zimmer thus concluded that removal was "warranted” in view of the nature of plaintiffs offense. See infra, at 609.
Similarly, in upholding the removal, the Merit Systems Protection Board pointed out that "[t]he determination of appropriate penalty assessment in disciplinary cases is a matter within the discretion of agency officials,” and that "[i]n view of the nature of appellant’s position and the sustained reasons, we find that the penalty was not unduly severe under the circumstances of this case.”
2. The Department of Agriculture did not abuse its discretion in removing plaintiff for the conduct in which he admittedly engaged. As the Merit Systems Protection Board pointed out:
Appellant’s position, in which he supervised four inspectors, was one of significant trust. The agency’s recognition of this is borne out by its repeated injunctions to its *611 employees to avoid the very conduct engaged in by appellant. Applicable agency penalty guidance also attested to this emphasis. A first offense of the conduct at issue is punishable by removal. No specific lesser penalty was specifically provided for, as in the case of other offenses (e.g., Suspension to removal - false travel vouchers).
We recently decided a similar case in Jones v. United States, 223 Ct. Cl. 138, 617 F.2d 233 (1980). There the Department of Agriculture dismissed a meat plant inspector for accepting a gift from the plant owner of a bottle of whiskey. In upholding the dismissal, we stated:
The position of meat inspector that the plaintiff occupied was extremely sensitive. . . . Any failure by him vigorously and effectively to enforce the Department’s stringent standards designed to protect the public against contaminated meat could have a serious adverse impact on the public health. As the Review Board stated in upholding the plaintiffs removal: "Appellee’s conduct in accepting the gratuity goes to the heart of his credibility in the performance of his duties by calling the impartial exercise of his judgment into question.” The Review Board also correctly pointed out that "it is the agency’s policy, well known to all employees, that any action by the Inspector which creates even the appearance of a conflict of interest will result in a severe penalty.”
Id. at 144-45, 617 F.2d at 237.
Our reasoning in Jones is equally applicable here. Both the plaintiff in this case and Jones had substantially the same jobs. Each held a sensitive position of trust involving protection of the public health. The possible subversion of the public interest resulting from the acceptance of gratuities from the plant the inspector was charged with supervising was no less in the case of the plaintiffs acceptance of free meals and drinks on a significant number of occasions than in the case of Jones’ acceptance of a bottle of whiskey.
The plaintiff contends that because his motive in accepting meals and drinks was not personal gain but helping the meat inspection program by improving relations between himself and the plant officials, the penalty of dismissal was unreasonable. The Employee Handbook of the Department of Agriculture and the implementing memoranda, with *612 which the plaintiff was familiar, unequivocally barred employees from accepting "any gift, gratuity, favor ... or any other thing of monetary value from a person who . . . (2) Conducts operations or activities that are regulated by the Department; or (3) Has interests that may be substantially affected by the performance or nonperformance of his duty.” 7 C.F.R. § 0.735-12(a) (1980). It was not the plaintiffs function to create an exception to these mandatory prohibitions because he believed that noncompliance in the particular case would be beneficial. Indeed, the "good relations” between the plaintiff and the plant management that he asserts he was endeavoring to foster by accepting the free meals and drinks seem to be the very kind of relationship that the prohibition upon acceptance of gratuities was designed to prevent.
Nor can the plaintiffs acceptance of the meals and drinks be justified under the exception the guidelines provide for "the exchange of the usual social courtesies” which are wholly free of any embarrassing or improper implication. 7 C.F.R. § 0.735-12(c)(2) (1980). For the reasons already given, the plaintiffs conduct did not come within this exception.
B. Our discussion in part IIA also answers the plaintiffs contentions relating to the statutory requirement that the discharge of an employee promote the efficiency of the service. The adverse effect upon the integrity of the meat inspection program that could result from the acceptance of gratuities by a plant inspector fully justifies the Merit Systems Protection Board’s findings that plaintiffs removal "was for such cause as will promote the efficiency of the service.” The efficiency of the service was promoted by plaintiffs removal because it eliminated an employee whose integrity and independence had been compromised and also served as a warning and example to other inspectors.
There is no requirement in the statute that the removing agency itself make a separate finding that removal will promote the efficiency of the service. It is sufficient that the record shows that the removal will have that effect. Here, as noted, the Merit Systems Protection Board made the finding and the record supports it. Indeed, such a determination was inherent in the conclusion of the agency’s *613 personnel officer that in view of the nature of plaintiffs conduct, "the proposed removal is warranted.”
Conclusion
The plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.

 The notice also charged that plaintiff had accepted free meals and drink from the same plant during two such periods in 1976, but the Merit Systems Protection Board held that the record did not support the charges that related to 1976.